IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00915-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

ALAN ZECHARIAH ACRES,

    Plaintiff,

v.

JEFFERSON COUNTY DETENTIONS FACILITY, and
JEFFERSON COUNTY DETENTIONS FACILITY MEDICAL DEPARTMENT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiff, Alan Zechariah Acres, is a prisoner at the Jefferson County Detention Facility in Golden, Colorado.  He submitted *pro se* a Prisoner Civil Rights Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)     ___    is not submitted
(2)     ___    is missing affidavit
(3)     _X_    is missing **certified** copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (the Motion to Waive Filing Fee submitted as an attachment to the § 1915 motion is not the equivalent of a certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing)

(4)  __  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing an original signature by the prisoner
(7)  __  is not on proper form
(8)  __  names in caption do not match names in caption of complaint, petition or habeas application
(9)  __  An original and a copy have not been received by the court. Only an original has been received.
(10) X   other: § 1915 motion and affidavit and certified account statement only are necessary if $400.00 filing fee is not paid in full in advance.

**Complaint, Petition or Application**:
(11) __  is not submitted
(12) X   is not on proper form (must use the court's current form)
(13) X   is missing an original signature by the prisoner
(14) __  is missing page nos. __
(15) __  uses et al. instead of listing all parties in caption
(16) __  An original and a copy have not been received by the court. Only an original has been received.
(17) __  Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) __  names in caption do not match names in text
(19) X   other: Must provide one address only for Plaintiff and the name of the facility where Plaintiff is incarcerated; Plaintiff lists two different addresses on the current Prisoner Civil Rights Complaint

The amended Prisoner Complaint Mr. Acres will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Acres' initial complaint appears to assert a claim of deliberate indifference to serious medical needs under the Eighth Amendment, but he fails to provide a short and plain statement of his claim. Instead, he relies on various vague and conclusory allegations.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Generally, Mr. Acres fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Acres must present his claim or claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Acres must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Acres' allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Acres may not sue the Jefferson County Detention Facility or its medical department. The Jefferson County Detention Facility and its medical department are not entities separate from Jefferson County and, therefore, are not persons under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against either the detention facility or its medical department must be considered as asserted against Jefferson County.

In addition, municipalities, such as Jefferson County, and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against Jefferson County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In the amended complaint he will be directed to file, Mr. Acres must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Acres must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A

4

supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Acres may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Acres uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Acres will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that asserts the statutory basis for his claims, sues the proper parties, asserts appropriate claims, states them clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that Plaintiff file **within thirty (30) days from the date of this order** an amended Prisoner Complaint on the proper, Court-approved form that

complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that, if Plaintiff fails to cure all the designated deficiencies or file an amended Prisoner Complaint that complies with this order **within thirty days from the date of this order**, the complaint and the action may be dismissed without further notice.

DATED April 8, 2014, at Denver, Colorado.

            BY THE COURT:

             s/ Boyd N. Boland
            United States Magistrate Judge