IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00915-BNB

ALAN ZECHARIAH ACRES,

    Plaintiff,

v.

JEFFERSON COUNTY DETENTIONS FACILITY, and
JEFFERSON COUNTY DETENTIONS FACILITY MEDICAL DEPARTMENT,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Alan Zechariah Acres, is incarcerated at the Jefferson County Detention Facility in Golden, Colorado.  He initiated the instant action by submitting *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  The Court reviewed the documents and determined they were deficient.  Therefore, on April 8, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Acres to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The April 8 order pointed out that Mr. Acres failed to submit either the $400.00 filing fee or a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.  The April 8 order directed Mr. Acres to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved form for filing a Prisoner Complaint, and to

sign the amended Prisoner Complaint he would be directed to file. The April 8 order also directed Mr. Acres to provide on the amended Prisoner Complaint one address only for himself instead of the two he has provided and to include in his address the name of the facility where he is incarcerated. The April 8 order warned him that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

The April 8 order explained to Mr. Acres that the amended Prisoner Complaint he was being directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, assert a statutory basis for his claims, sue the proper parties, and assert the personal participation of each named Defendant. The April 8 order warned Mr. Acres that if he failed to cure the designated deficiencies or file an amended Prisoner Complaint as directed within the time allowed, the Prisoner Complaint and the action may be dismissed without further notice.

Mr. Acres has failed within the time allowed to cure the designated deficiencies, file an amended Prisoner Complaint as directed, or otherwise communicate with the Court in any way. Therefore, the Prisoner Complaint and the action will be dismissed without prejudice for Mr. Acres' failure to cure the designated deficiencies and file an amended Prisoner Complaint as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Acres files a notice of appeal he also must pay the full $505.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Alan Zechariah Acres, to cure the deficiencies designated in the order to cure of April 8, 2014, and file an amended Prisoner Complaint as directed within the time allowed, and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  30th  day of      May       , 2014.

BY THE COURT:

   s/Lewis T. Babcock                   
LEWIS T. BABCOCK
Senior Judge, United States District Court